IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFRED LAWS,

    Petitioner,                    No. CIV S-08-1810 GEB EFB P

    vs.

D.K. SISTO, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

/

Petitioner is a former state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss this action on the grounds that it is a second or successive petition, is untimely, and does not present a federal question. For the reasons explained below, the motion must be denied.

**I.    Procedural History**

Petitioner was convicted of first degree murder in the Los Angeles County Superior Court in 1976, and sentenced to an indeterminate life term of seven years to life. Pet. at 2.

On January 6, 1998, petitioner filed a habeas petition in the Los Angeles County Superior Court, challenging the Board of Parole Term's failure to fix his term at his parole hearing on August 27, 1997. Resp.'s Mot. to Dism. ("Mot."), Ex. 1. The court denied relief. *Id.*, Ex. 2.

////

1

Petitioner filed petitions in the California Court of Appeal and the California Supreme Court, which were denied. *Id.*, Exs. 3-6. Finally, petitioner filed a petition in the Central District on July 28, 1998. *Id.*, Ex. 7. It was denied on January 24, 2000.[1] *Id.*, Ex. 12.

Petitioner filed additional state habeas petitions in 2002 and 2003. *Id.*, Exs. 15-19.

On November 6, 2006, petitioner filed a habeas petition in the Los Angeles County Superior Court challenging the Board of Parole Term's failure to fix his term at his parole hearing on May 6, 2006.[2] *See id.*, Ex. 21. The petition was denied on April 16, 2007. *Id.*, Ex. 24. Petitioner filed a petition in the California Court of Appeal on July 25, 2007. *Id.*, Ex. 25. On August 23, 2007, the court denied the petition, stating that petitioner had failed to provide a record and therefore had not made a prima facie showing of entitlement to relief. *Id.*, Ex. 26. Petitioner then filed a petition in the California Supreme Court on January 16, 2008. The court denied the petition on June 25, 2008.[3] *Id.*, Ex. 28.

Petitioner filed the instant petition on August 3, 2008.[4] Pet., Proof of Service.

**II.     Second or Successive Petition**

Respondent's motion contains a single-paragraph argument that the court lacks jurisdiction because the instant petition is second or successive. *See* Mot. at 9. A petition is second or successive if it makes "claims contesting the same custody imposed by the same judgment" that the petitioner previously challenged, and on which the federal court issued a

---

[1] The order was signed on January 20, but was date-stamped January 24.

[2] Petitioner is entitled to the benefit of the mailbox rule for all of his federal and state petitions. *See Houston v. Lack*, 487 U.S. 266 (1988) (federal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court).

[3] Respondent states that "the California Supreme Court summarily denied Laws' claims with a citation to *In re Miller*" but does not provide a copy of the court's order.

[4] Respondent states, without explanation, that this petition was filed on April 30, 2009. *See* Mot. at 8. The Proof of Service for the Petition is clearly signed and dated as August 3, 2008 and is file stamped as having been received by the court on August 5, 2009. As noted in note 2, above, under the mailbox rule the effective filing date is August 3, 2008.

2

decision on the merits. *Burton v. Stewart*, 549 U.S. 147 (2007*)*; *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). Before filing a second or successive petition in a district court, a petitioner must obtain from the appellate court "an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Without an order from the appellate court, the district court is without jurisdiction to consider a second or successive petition. *See Burton*, 549 U.S. 147.

The instant petition is not second or successive because it does not challenge the same judgment as petitioner's previous federal petition. His 1998 district court petition challenged the Board of Parole Term's failure to fix his term on August 8, 1997. *See* Mot., Ex. 7 (petition), Ex. 10 at 7-8 (Central District opinion holding that petitioner's denial of due process claim in connection with the board's August 28, 1997 denial of parole was meritless). In contrast, the instant petition challenges the Board's failure to fix his term on May 9, 2006. *See* Petition (claiming that "same grounds herein" were raised in 2006 Los Angeles County Superior Court petition; Los Angeles County Superior Court order denying 2006 petition and holding that there was some evidence to support the board's May 9, 2006 denial of parole.). *See Bratton v. Hernandez*, No. 08-cv-1932, 2009 WL 2366469, at *4 (S.D. Cal. July 28, 2009) (petition was second or successive to the extent it challenged parole board's 2006 denial of parole, but not to the extent that it challenged board's 2008 decision). There may be overlapping issues from both parole board hearings, but the instant petition challenges a different, later parole board determination emanating from a different hearing than the decision that was challenged in the earlier petition. Therefore, the court has jurisdiction over this action.

**III. Statute of Limitations**

A one-year statute of limitations applies to federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). In habeas actions challenging parole decisions, the limitations period begins to run when the petitioner could have discovered the factual predicate of the claim through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D); *Redd v. McGrath*, 343 F.3d 1077 (9th Cir.

3

2003).

When a petitioner properly files a state post-conviction application, the limitations period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). California, however, has no clear rule governing the time for filing post-conviction motions. Instead, "a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is considered timely if filed within a 'reasonable time.'" *Saffold*, 536 U.S. at 221.

The United States Supreme Court has held that, in the absence of on-point California authority, an unexplained delay of six months or more is unreasonable and renders a habeas petition untimely. *Evans v. Chavis*, 546 U.S. 189, 201 (2006). But more recently, a California appellate court found that as a matter of California law, an unrepresented prisoner's unexplained ten-month delay in filing a habeas petition in the appellate court challenging the denial of his parole after the Superior Court's denial of a similar petition was not unreasonable. *In re Burdan*, 169 Cal.App.4th 18, 31 (Cal. Ct. App. 2008). The *Burdan* court noted that habeas statutes of limitation are designed to vindicate society's interest in the finality of its criminal judgments and the public's interest in the orderly and reasonably prompt implementation of its laws, to ensure that evidence is not lost, and to allow victims, families and friends to achieve psychological closure before too long after a conviction is obtained. *Id.* at 30-31. But the state court in *Burdan* found that these considerations do not apply where a prisoner challenges a parole suitability determination because "the only one potentially prejudiced by a delay in challenging a parole decision is the inmate himself." *Id.* at 31. Thus, it appears under California law that an

4

unrepresented prisoner challenging a parole decision is entitled to up to ten months of unexplained delay between the denial of one state petition and the filing of the next.

As for the time a federal petition was pending, a federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Here, the statute of limitations began to run when the Board's decision was final, that is, on September 6, 2006. Pet. at 39; *see Redd*, 343 F.3d 1077. Petitioner had until September 7, 2007 to file this petition, but he did not file it until August 3, 2008. Absent tolling, the instant petition would be 331 days late.

However, petitioner is entitled to statutory tolling for the time that his petitions were pending in state court. Respondent argues that petitioner unreasonably delayed in filing his state petitions, and therefore is not entitled to tolling for the intervals between them. *See* Mot. at 7-8. Specifically, respondent argues that the 100-day interval between the April 16, 2007 denial of petitioner's Superior Court petition and the July 25, 2007 filing of his Court of Appeal petition; and the 146-day interval between the January 16, 2008 denial of his Superior Court petition and the June 25, 2008 filing of his Supreme Court petition should not be tolled. *Id.* Respondent does not argue that any of the petitions should be considered improperly filed for any other reason than timeliness. But respondent's argument cannot be reconciled with the state court's application of state law in *Burdan*.

As an unrepresented petitioner challenging a parole decision, petitioner is entitled to up to ten months of unexplained delay between petitions as a matter of California law. *See Burdan*, 169 Cal.App.4th at 31. Accordingly, petitioner is entitled to statutory tolling from the date that his first state petition was filed, on November 6, 2006, until the date that his third state petition was denied, on June 25, 2008, for a total of 597 days. The statute of limitations did not expire until April 26, 2009, and the instant petition, which was filed on August 3, 2008, was timely.

Moreover, even absent interval tolling, the instant petition is timely. Petitioner is still entitled to tolling for the periods of time while each petition was actually pending in state court.

5

*See*, *e.g.*, *Culver v. Director of Corrections*, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (petitioner was not entitled to tolling during intervals between the denial of one state petition and the filing of the next, but was entitled to tolling for the periods that the petitions were pending). Thus, even without interval tolling, petitioner is entitled to tolling from November 6, 2006 to April 16, 2007; July 25, 2007 to August 23, 2007; and January 16, 2008 to June 25, 2008, for a total of 351 days. He would have had until August 23, 2008 to file the instant petition. Thus, regardless of interval tolling, the petition is timely.

**IV.     Federal Question**

Respondent argues that the instant petition does not present a federal question, as petitioner's "claims are based on his contention that the state misapplied its own laws." Mot. at 9 (citing Pet. generally). The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002). Ninth Circuit cases have repeatedly held that, as a matter of clearly established Supreme Court law, California's parole scheme gives rise to a cognizable liberty interest in release on parole that is protected by the Due Process Clause. *See Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007); *Sass v. Cal. Bd. of Prison Terms*, 461 F.3d 1123, 1128 (9th Cir. 2006); *McQuillion*, 306 F.3d at 901-02; *Biggs v. Terhune*, 334 F.3d 910, 914 (9th Cir. 2003). Respondent's argument is meritless.

**V.     Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's August 13, 2009 motion to dismiss be denied.

2. Respondent be directed to file and serve an answer, and not a motion, responding to the application within 60 days from the date of this order, *see* Rule 4, Fed. R. Governing § 2254 Cases, and be directed that the answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application, *see* Rule 5, Fed. R. Governing § 2254 Cases.

1    3. Petitioner be directed that his reply, if any, shall be filed and served within 30 days of
2 service of an answer.

3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after
5 being served with these findings and recommendations, any party may file written objections
6 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
7 to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
8 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
9 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 2, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE