IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFRED LAWS,

    Petitioner,                              No. CIV S-08-1810 GEB EFB P

    vs.

D.K. SISTO, Warden,

                                     <u>ORDER AND</u>

    Respondent.                   <u>FINDINGS AND RECOMMENDATIONS</u>

                                     /

      Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that the parole board failed to provide a term-fixing hearing and failed to "employ procedural entitlements," and that his rights have been violated under the due process, equal protection, and ex post facto clauses. On February 2, 2010, the undersigned filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Respondent filed objections to the findings and recommendations. Upon review of those objections and further consideration of the nature of petitioner's claims, the court vacates its previous findings and recommendations and, for the reasons explained below, recommends that the petition be dismissed.

////

1

Petitioner was convicted of first degree murder in the Los Angeles County Superior Court in 1976, and sentenced to an indeterminate life term of seven years to life. Pet. at 2. According to a 2003 pleading petitioner filed in the California Supreme Court, petitioner had eleven parole consideration hearings between 1981 and 2001. *Id.*, Ex. 19. Petitioner filed several habeas petitions, including a habeas petition in the United States District Court for the Central District on July 28, 1998, which was denied. Resp.'s Mot. to Dism., Exs. 7, 12.

On May 9, 2006, the Board of Parole Hearings found petitioner unsuitable for parole once again. Pet. at 11. In 2006, 2007, and 2008 petitioner filed habeas petitions in the Los Angeles County Superior Court, the California Court of Appeal, and the California Supreme Court, each of which was denied. *Id.*; Resp.'s Mot. to Dism., Exs. 24-28. Petitioner filed the instant petition on August 3, 2008. Pet. at 7.

Respondent contends that petitioner is not challenging the Board of Parole Hearings' May 2006 determination that he was not suitable for parole, but only its continuing failure to fix his term. The California courts' recent rulings on petitioner's state habeas petitions illustrate that petitioner's claims are challenging to construe. The Los Angeles County Superior Court, in denying his petition, concluded "that the record contains 'some evidence' to support the Board's finding that petitioner is unsuitable for parole." Resp.'s Mot. to Dism., Ex. 24. Thus, that court construed petitioner's claims as challenging the Board's 2006 parole suitability determination. The California Court of Appeal, Second Appellate District, denied his next petition by stating that "[p]etitioner has failed to provide a record of the proceedings before the Board of Parole Hearings, the evidence submitted to the Board, or the record submitted to the superior court. Petitioner has therefore failed to make a prima facie showing of his entitlement to habeas corpus relief." *Id.*, Ex. 26. Petitioner then filed a habeas petition in the California Supreme Court, in which he stated that he did not provide the record to the California Court of Appeal because "the habeas petition does not challenge/dispute the board's finding that petitioner is unsuitable for parole." *Id.*, Ex. 27. The California Supreme Court denied his petition with a citation to *In re*

*Miller*, 17 Cal.2d 734 (1941) (holding that a petition for habeas corpus based upon the same grounds set forth in a previously denied petition will be denied where there has been no change in the facts or law substantially affecting the rights of the petitioner). Pet. at 8.

Although the instant petition is not clear, it appears that petitioner only wishes to challenge the parole board's failure to fix his term. That was certainly his representation to the California Supreme Court. With his petition so construed, his claim must be dismissed as time-barred. That claim is not tied to the suitability determination that the parole board made in 2006; rather, his claim is that the board denied him his constitutional rights by refusing to fix his term. *See* Pet'r's Opp'n to Mot. to Dism. ("Opp'n") at 3 ("prisoner-petition is . . . challenging . . . the ongoing adjudication process of the parole board"). The crux of petitioner's claim is that he was entitled to a term-fixing hearing after he had served seven years of his sentence, that is, in 1983. Pet. at 4. Commencement of the one-year statute of limitations for this term-fixing claim was triggered in 1983, when petitioner became aware that the parole board had not fixed his term, and would have expired long ago.[1] Thus, petitioner's term-fixing claim is time-barred and the court's previous findings and recommendations to the contrary, which were predicated on a different understanding of petitioner's claims, must be vacated.

Were petitioner to seek leave to amend his petition to clarify that he is now challenging the Board's 2006 suitability determination, his earlier representation to the California Supreme Court that he specifically was not presenting any such claim to that court clearly shows that such a claim is unexhausted. Indeed, this is confirmed by the state court's citation to *In re Miller*.

---

[1] A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The fact that the Board of Parole Hearings continues to deny petitioner a term-fixing hearing does not mean that he may continually file habeas petitions over this claim, any more than a continually incarcerated person may continually file habeas petitions challenging the constitutionality of his custody.

1 The California Supreme Court had not previously addressed petitioners's suitability claim
2 regarding the 2006 parole hearing and therefore could not have been ruling on that suitability
3 determination. Accordingly, leave to amend to add this unexhausted claim would be futile. 28
4 U.S.C. § 2254(B)(1); *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (prisoners must exhaust state
5 remedies by fairly presenting federal claims to the highest state court in order to give the highest
6 state court the opportunity to pass upon and correct alleged violations of federal rights).

7 Respondent also argues that petitioner's claims do not raise a federal question, and that
8 the instant petition should be dismissed because it is second and successive, as petitioner
9 previously filed a petition raising similar challenges in the Central District in 1998, which was
10 denied on the merits. *See* Resp.'s Mot. to Dism., Exs. 7, 11, 12 (holding that "petitioner's
11 challenges to the application of state sentencing law fails to raise an issue cognizable on federal
12 habeas corpus," "there is no merit to petitioner's due process claim," and "the BPT's evaluation
13 of petitioner's parole suitability pursuant to the DSL guidelines does not violate the ex post facto
14 clause.") Because petitioner's claims should be dismissed in any case, the court need not decide
15 these issues.[2]

16 Accordingly, IT IS HEREBY ORDERED that the findings and recommendations filed
17 February 2, 2010, are vacated.

18 Further, IT IS HEREBY RECOMMENDED that:

19 1. Respondent's August 13, 2009 motion to dismiss is granted; and

20 ////

21 ////

22

---

23 [2] Although the court does not reach the merits of petitioner's claims, other California district courts have rejected similar claims. *See*, *e.g.*, *Johnston v. Ayers*, No. C 09-267, 2009 WL
24 1621904 at *4 (N.D. Cal. June 9, 2009) (holding that "there is no state-created liberty interest in having a term of years set for a prisoner serving an indeterminate life term for murder who has
25 not been found suitable for parole"); *Daniels v. Brown*, No. C 05-2684, 2006 WL 3093762 at *4-5 (N.D. Cal. Oct. 31, 2006) (holding that habeas petitioner had no right to a term-setting hearing
26 under *In re Rodriguez*, 14 Cal. 3d 639 (1975)).

4

1   2.  The Clerk be directed to close the case.

2   These findings and recommendations are submitted to the United States District Judge
3 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
4 after being served with these findings and recommendations, any party may file written
5 objections with the court and serve a copy on all parties.  Such a document should be captioned
6 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
7 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
8 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  If
9 petitioner files objections to the findings and recommendations, he may address whether a
10 certificate of appealability should issue in the event he files an appeal of the judgment in this
11 case.  *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or
12 deny a certificate of appealability when it enters a final order adverse to the applicant).  A
13 certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a
14 substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

15 Dated:  March 31, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5